SEDGWICK, DETERT, MORAN & ARNOLD LLP
ROBERT F. HELFING  Bar No. 90418
robert.helfing@sdma.com
AARON N. COLBY  Bar No. 247339
aaron.colby@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Plaintiff and Counterdefendant
**RICHARD MARVIN BUTKUS**

**FILED
CLERK, U.S. DISTRICT COURT
MAR - 4 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY**

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARVIN BUTKUS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOWNTOWN ATHLETIC CLUB OF ORLANDO, INC., a Florida corporation,<br><br>Defendant. | CASE NO. CV-07-02507 PA (JWJx)<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER** |

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED THAT:

1. The use or disclosure of documents produced by the parties to this lawsuit or any third party in the above captioned case shall be subject to the terms of this Protective Order.

2. The term "Confidential Information" as used herein shall mean and include any and all documents, information or other materials that contain competitively sensitive, proprietary and/or trade secret information including, but

not limited to, agreements concerning intellectual property, financial statements, purchase, sales and cost reports, prospective product development plans, and marketing plans which are designated as "CONFIDENTIAL" at the time of their production or disclosure in this action.

    a.    In connection with the production of documents by any party hereto, Confidential Information shall be indicated by conspicuously marking "CONFIDENTIAL" on all pages of the document in which such Confidential Information is contained. Such markings shall be made prior to the transmission of a physical copy of such document to the party requesting such document.

    b.    In connection with the responses to Interrogatories and responses to Requests for Admissions containing Confidential Information, each page of the document that contains confidential responses shall be marked "CONFIDENTIAL."

    c.    In connection with deposition testimony which may contain Confidential Information, any attorney for a party who believes that questions put to a witness being deposed will disclose Confidential Information, that the answer to any question(s) will require such disclosure, or documents to be used as exhibits during the examination contain Confidential Information, may request that the portion(s) of the deposition disclosing Confidential Information shall be taken in the presence of only the attorneys for each party, the court reporter, and those qualified to have access to the Confidential Information. Transcripts of such portion(s) of the deposition shall be separated from the non-confidential portion(s), and shall be securely sealed in an envelope by the officer reporting such deposition. Both the transcript and the envelope shall be marked as follows:

> CONFIDENTIAL UNDER PROTECTIVE ORDER
> The information and data contained in this
> envelope is protected against any use, disclosure,
> display or revelation thereof by an Order of the Court.

The officer shall provide copies of the confidential portion(s) of the deposition transcript only to the attorneys of the parties to this action.

3. Confidential Information shall not include any document, information or other material which:

    a. is, at the time of disclosure, in the public domain by publication or otherwise;

    b. becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by lawful publication or other lawful act;

    c. is already in the possession of a party at the time of disclosure and was not acquired directly or indirectly from the disclosing party; or

    d. is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

4. The following persons may have access to Confidential Information in this action:

    a. Counsel for the parties and clerical personnel and paralegal assistants employed by counsel for the parties.

    b. Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial.

    c. The parties and any officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action.

    d. Witnesses for the purpose of eliciting testimony from them in any deposition, hearing or trial in this case and counsel actually representing such witnesses, provided that such witnesses and their counsel shall not retain copies of such documents, shall not use such documents other than in connection with this case and shall not disclose them to anyone else, and that any such witness and their

counsel agree, in writing, to be bound by the terms of this Protective Order by executing Exhibit A attached to this Protective Order. A witness will not be required to execute Exhibit A if the witness authored the document or previously received the document containing the Confidential Information. The transcripts of testimony describing, referring or relating to Confidential Information shall be treated the same as Confidential Information.

  e. Expert witnesses or consultants who are necessary to assist and have been retained in writing by any party or counsel for any party in the preparation for trial or trial of this action, provided that such expert witness or consultant shall not use such documents other than in connection with this case and shall not disclose them to anyone else, and that any such expert witness or consultant agree, in writing, to be bound by the terms of this Protective Order by executing Exhibit A attached to this Protective Order. Retained expert witnesses and consultants are permitted to retain copies of documents that include Confidential Information while the lawsuit is pending.

  f. Such other persons as may hereafter be qualified to receive Confidential Information in this action pursuant to the provisions of Paragraph 4(g) of this Protective Order, provided that such persons shall not retain copies of such documents, shall not use such documents other than in connection with this case and shall not disclose them to anyone else, and that any such person agrees, in writing, to be bound by the terms of this Protective Order by executing Exhibit A attached to this Protective Order.

  g. If a party seeks to qualify persons to receive Confidential Information, other than those persons identified in 4(a-e), the party shall nominate such person(s) to whom disclosure of Confidential Information may be made as follows:

    1. Each such nominee shall be particularly identified by written notice to the attorneys of all parties in this action. Such notice shall include

1  a brief description of the nominee's purpose in being provided with the
2  Confidential Information and the nominee's curriculum vitae.
3         2.    Within ten (10) days after receipt of such notice, any
4  party, for good cause, may oppose the nomination by serving a written objection to
5  the nomination. The written objection shall state with specificity the grounds upon
6  which the opposing party objects to the nomination.
7         3.    Once an objection is served, the party seeking the
8  nomination shall not disclose any Confidential Information to the nominee unless
9  1) all parties agree in writing to the disclosure; or, 2) a Court Order permits the
10  disclosure. The party seeking the nomination shall have the burden of moving for
11  a Court Order to permit the disclosure.
12      5.    Confidential Information shall not be disclosed to anyone other than
13  those persons to whom disclosure is permitted pursuant to this Protective Order
14  and shall not be used for any purpose other than in connection with the prosecution
15  or defense of this action.
16      6.    The signing of this Protective Order or failure of a party, at the time it
17  receives Confidential Information, to challenge or object to the confidential
18  designation shall not be deemed a waiver of its right to challenge or object to the
19  confidential designation at any later time.
20      7.    Any person, prior to receiving Confidential Information under
21  Paragraph 4(c) through 4(f), shall be furnished with a copy of this Protective Order
22  and shall execute Exhibit A attached to this Protective Order, acknowledging that
23  he or she has read this Protective Order, understands it, and agrees to be bound by
24  it. Acknowledgment is an express agreement to be subject to the jurisdiction of
25  this Court in connection with any proceeding or hearing relating to such
26  Confidential Information or to this Protective Order, including any proceeding
27  relating to the enforcement of the Protective Order, including criminal contempt.
28  A third party witness will not be required to execute Exhibit A if the third party

witness authored the document or previously received the document containing the Confidential Information.

8. All persons to whom Confidential Information is disclosed shall consent to the jurisdiction of the United States Central District Court for the Central District of California for purposes of enforcing the terms of this Protective Order. This section does not apply to a third party witness who authored the document or previously received the document containing the Confidential Information.

9. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

10. In the event that any Confidential Information is subject to any subsequent subpoenas, written notice by facsimile shall be given to the party that produced the Confidential Information at issue within ten (10) calendar days of the service of such subpoena. If production is being sought under any such subpoena in less than ten (10) calendar days, notice shall be given as soon as practicable by facsimile or electronic mail.

11. If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every reasonable effort to prevent further disclosure by the recipient of the Confidential Information. In the event any Confidential Information is disclosed inadvertently, without the applicable CONFIDENTIAL designation, the disclosing party shall be entitled to provide notice to all other parties that the inadvertently disclosed information is to be deemed CONFIDENTIAL, and such information will thereafter be treated as Confidential Information under the terms of this Protective Order. However, no

recipient of Confidential Information, which is inadvertently not properly marked as such, shall be liable for any disclosure or use prior to the time of receipt of notice of the confidential character of such information. Any request for designation of inadvertently disclosed information as CONFIDENTIAL under this paragraph must include an express reference to this Section of the Protective Order.

12. Nothing contained herein shall prevent the use of the Confidential Information at trial or in written submissions to the Court provided that the parties shall take appropriate measures to maintain their confidentiality, including filing under seal written submissions to the Court that include Confidential Information. The parties shall make reasonable efforts to minimize filings under seal and shall place Confidential Information only in attachments whenever possible.

13. In the event that any written submission to the Court includes materials containing Confidential Information, the Confidential Information shall be filed pursuant to the provisions of the Central District of California Local Rules 79-5.

14. When Confidential Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons qualified to have access are present.

15. When Confidential Information is incorporated in a transcript of a deposition, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information in accordance with Paragraph 2(c).

16. Information disclosed at a deposition may be designated as confidential by (a) either indicating on the record at the deposition that the testimony is Confidential Information or (b) by notifying the opposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are confidential. Information disclosed at a deposition that is not designated as confidential under the procedure set forth above shall not thereafter

be designated as confidential.

17. In addition to the above restrictions, any party shall have the further right to designate documents, information or materials that are highly sensitive, proprietary and/or trade secret information as being "CONFIDENTIAL ATTORNEYS' EYES ONLY" after meeting and conferring with the opposing party to discuss the effect of this designation under paragraph 23. All such designated documents, information or materials shall be treated as Confidential Information except that such CONFIDENTIAL ATTORNEYS' EYES ONLY may be shown only to counsel for the parties and clerical personnel and paralegal assistants employed by counsel for the parties and may not be further disclosed to any parties or anyone else.

18. Nothing herein shall prevent disclosure if each party designating information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY consents in writing to such disclosure.

19. General disclosures of information shall not be deemed to place more specific disclosures of information concerning the same subject into the public domain.

20. This Protective Order is not intended to deal with any discovery objection on the grounds of relevancy, attorney-client privilege or work product, or to preclude any party from seeking relief either from a provision of this Protective Order or any other relief from this Court. Nothing herein shall be construed as to limit any parties' ability to object to any discovery request or deposition question.

21. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party, of

LA/750504v1
-8-

altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

22. The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties, their counsel and anyone else who obtained information and/or documents designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY. Within sixty (60) days after the final termination of this action by judgment, settlement or otherwise, all CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY documents and copies thereof within the possession, custody or control of any person to whom use or disclosure of any Confidential Documents has occurred (other than the Court) as a result of this Protective Order, shall be returned to the counsel for the party that produced the designated documents. Counsel for the party that received the designated documents has the option of destroying the designated documents provided that counsel who elects to do so certifies in writing under penalty of perjury to the counsel for the party that produced the designated documents that such destruction has occurred. Counsel may retain one copy of each CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY document but continues to be bound by the obligations of this Protective Order.

23. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her clients with respect to this litigation and, in the course thereof, referring or relying generally upon his or her examination of documents or information designated CONFIDENTIAL ATTORNEYS' EYES ONLY; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content of such information or documents contrary to the terms of this Protective Order.

24. The parties to this litigation and their counsel will be bound by this Protective Order, and this Protective Order will apply to documents designated CONFIDENTIAL OR CONFIDENTIAL ATTORNEYS' EYES ONLY that have been previously produced in this lawsuit.

25. Nothing in this Protective Order shall prejudice any party from seeking amendments to this Protective Order that broaden or restrict the rights of access to and use of documents designated CONFIDENTIAL OR CONFIDENTIAL ATTORNEY'S EYES ONLY. The Court and its personnel shall not be subject to any of the terms of this Protective Order.

IT IS SO ORDERED.

Dated: March 4, 2008

~~Honorable Percy Anderson~~ Jeffrey W. Johnson
~~United States District Court Judge~~
U.S. MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGEMENT TO PROTECT CONFIDENTIAL INFORMATION

I hereby acknowledge that I have received and read a copy of the Protective Order entered in *Richard Marvin Butkus v. Downtown Athletic Club of Orlando, Inc.*, Case No. CV-07-02507 PA (JWJx) (hereinafter referred to as "Order"). I understand the terms, conditions, and restrictions imposed by that Order and agree to be bound by all of the terms, conditions, and restrictions imposed by that Order.

I further acknowledge that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with that Order. I consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____ By: _____
(Print Name)

_____
(Signature)

LA/750504v1

-11-